UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAME WALTERS, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>R.I.O.F., INC.<br><br>Defendant. | Civil Action No. 1:13-cv-2084-SCJ |

## MUTUAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. This Settlement Agreement and General Release ("Agreement") is entered into on this 21st day of August, 2013, by and between Plaintiff Dame Walters ("Walters"), opt-in Plaintiff Compton Douglas ("Douglas") and Defendant R.I.O.F., Inc. ("R.I.O.F.") (collectively "Parties").

2. This Agreement does not constitute an admission by R.I.O.F. of any liability to Walters, Douglas or to anyone else because of or growing out of matters as set forth in *Walters v. R.I.O.F., Inc., Civil Action No. 1:13-cv-2084-SCJ, United States District Court for the Northern District of Georgia* (the "Action"). In fact, R.I.O.F. specifically denies that it engaged in any improper or unlawful conduct in connection with any monies paid or allegedly owed to Walters or Douglas. The Parties further acknowledge that R.I.O.F.'s investigation into Walters' and Douglas' claims for unpaid wages did not produce any evidence that R.I.O.F. had underpaid Walters or Douglas in any respect.

3. Walters acknowledges that the payment of the monies by R.I.O.F. identified herein constitutes full and complete payment of any unpaid wages allegedly owed to him at the time of execution of this Agreement.

4. Douglas acknowledges that the payment of the monies by R.I.O.F. identified herein constitutes full and complete payment of any unpaid wages allegedly owed to him at the time of execution of this Agreement.

5.  **Payment to Walters.** In consideration for signing this Settlement Agreement and General Release and the fulfillment of the promises herein, R.I.O.F. shall deliver the following checks to Walters' counsel:

    a.    One check made payable to Dame Walters, in the gross amount of two thousand eight hundred fifty three dollars and fifty cents ($2,853.50) less appropriate withholding to represent settlement of Walters' claim for unpaid wages. R.I.O.F. will issue an IRS W-2 Form for this amount.

    b.    One check made payable to Dame Walters, in the amount of two thousand eight hundred fifty three dollars and fifty cents ($2,853.50) to represent settlement of his claim for liquidated damages. R.I.O.F. will issue an IRS Form 1099 for this amount to Walters specifically checking box 3 and designating the payment as "other income."

    c.    One check made payable to the law office of Barrett & Farahany, LLP, in the amount of nine thousand two hundred twenty three dollars and zero cents ($9,223.00) to represent Walters' and Douglas' attorney's fees and costs. R.I.O.F. will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income."

    d.    Walters and Walters' counsel, Barrett & Farahany, agree to provide R.I.O.F. the requisite tax identification numbers and related information, including executed W-9 forms.

    e.    The above-described checks shall be mailed to Barrett & Farahany within seven (7) days after the Court approves the Agreement or receipt of the W-9 Forms executed by Walters and Barrett & Farahany, whichever is later.

6.  **Payment to Douglas.** In consideration for signing this Settlement Agreement and General Release and the fulfillment of the promises herein, R.I.O.F. shall deliver the following checks to Douglas' counsel:

    a.    One check made payable to Compton Douglas, in the gross amount of three thousand seven hundred seven dollars and zero cents ($3,707.00) less appropriate withholding to represent settlement of Douglas's claim for unpaid wages. R.I.O.F. will issue an IRS W-2 Form for this amount.

2

  b. One check made payable to Compton Douglas, in the amount of three thousand seven hundred seven dollars and zero cents ($3,707.00) to represent settlement of his claim for liquidated damages. R.I.O.F. will issue an IRS Form 1099 for this amount to Douglas specifically checking box 3 and designating the payment as "other income."

  c. Douglas and Barrett & Farahany agree to provide R.I.O.F. the requisite tax identification numbers and related information, including executed W-9 forms.

  d. The above-described checks shall be mailed to Barrett & Farahany within seven (7) days after the Court approves the Agreement or receipt of the W-9 Forms executed by Douglas and Barrett & Farahany, whichever is later.

7. **Release of Claims.**

  a. <u>Walters</u>. In exchange for the consideration described herein, Walters, on behalf of himself and his heirs, successors, agents, and all other related persons or entities, hereby waives, releases, and promises never to assert any and all claims that exist or might exist against R.I.O.F., its predecessors, successors, affiliates, subsidiaries, partners, directors, officers, employees, or former employees, agents, attorneys, insurers, heirs, and assigns, for unpaid wages or overtime pay under the Fair Labor Standards Act. This release does not include any claim for unpaid wages or overtime pay based on conduct occurring after the Parties execute this Agreement.

  b. <u>Douglas</u>. In exchange for the consideration described herein, Douglas, on behalf of himself and his heirs, successors, agents, and all other related persons or entities, hereby waives, releases, and promises never to assert any and all claims that exist or might exist against R.I.O.F., its predecessors, successors, affiliates, subsidiaries, partners, directors, officers, employees, or former employees, agents, attorneys, insurers, heirs, and assigns, for unpaid wages or overtime pay under the Fair Labor Standards Act. This release does not include any claim for unpaid wages or overtime pay based on conduct occurring after the Parties execute this Agreement.

8. **Court Approval.** The Parties will submit to the Court a joint motion for entry of stipulated judgment approving the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement.

9. **Dismissal:** Within three business days of the R.I.O.F.'s delivery of the final Settlement Payment, the Parties will take the steps necessary to dismiss the Action with prejudice by stipulation.

10. **Severability of Provisions.** If any provision of this Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect, except that if paragraphs 5 and 6 of this Agreement is held to be void, voidable, unlawful or unenforceable, then R.I.O.F., at its sole option, may rescind this Agreement and recover from Walters and Douglas the payments made under this Agreement.

11. **Fees and Costs.** The Parties agree that other than what is described in paragraphs 5 and 6, each party will bear his or its own attorneys' fees and costs.

12. **Binding Agreement.** This Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them. Notwithstanding any privilege applicable to settlement proceedings, this Agreement may be introduced into evidence to prove the Parties' Agreement.

13. **Complete Agreement.** The Parties acknowledge that no promise or inducement has been offered except as set forth in this Agreement and that they execute this Agreement without reliance upon any statement or representation other than what is contained in this Agreement. This Agreement constitutes the entire Agreement between the Parties with respect to the matters that it covers and supersedes all prior and contemporaneous agreements, representations and understandings of the Parties with respect to those matters. This Agreement may be amended only by written agreement and signed by the Party or Parties to be bound by the amendment. Parol evidence will be inadmissible to show agreement by and between the Parties to any term or condition contrary to or in addition to the terms and conditions contained in this Agreement.

14. **Choice of Law.** The Parties hereto acknowledge that this Agreement is enforceable in the District Court for the Northern District of Georgia. The interpretation and application of the terms of this Agreement shall be governed and construed in accordance with the laws of the State of Georgia.

15. **Effect of Breach.** The Parties hereto acknowledge that any breach of the Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants.

16. **Other Warranties and Representations.** Walters, Douglas and their counsel warrant and represent that they have not taken any action to solicit or initiate contact with any other person to pursue or assert claims against R.I.O.F. in this lawsuit, including to opt-in or otherwise join Walters' Complaint against R.I.O.F.

17. **Knowing and Voluntary Waiver.** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

8/21/2013
Date

DAME WALTERS

9/5/13
Date

COMPTON DOUGLAS

9/9/2013
Date

R.I.O.F., INC.
By:
Its:

REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

V. Severin Roberts, Counsel for Plaintiffs

Date: 8/21/2013

Gordon M. Berger, Counsel for R.I.O.F., Inc.

Date: 9/09/2013

Atlanta:601455.1

5