UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAME WALTERS on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>R.I.O.F, INC.,<br><br>    Defendant. | CIVIL ACTION<br>No. 1:13-cv-2084-SCJ |

## ORDER

This matter is before the Court on the parties' joint motion to approve settlement of this litigation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [Doc. No. 11].

A settlement has been reached between the parties with regards to the claims of Plaintiff Dame Walters and opt-in Plaintiff Compton Douglas against Defendant R.I.O.F, Inc. Once an employee brings an action under the FLSA, a district court must scrutinize any proposed settlement of that action for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court has reviewed the parties' motion and the settlement agreement. These documents sufficiently show that this action contains a *bona fide* dispute and that there are litigation risks for both sides if this action were to proceed. Based on these facts, the

Court determines that the parties' settlement agreement presents a fair and reasonable resolution to Plaintiff's claims.

Generally, when scrutinizing FLSA settlements, district courts must also consider "the amount of plaintiffs' attorney's fees paid pursuant to those settlements." *Longcrier v. HL-A CO., Inc.*, Civil Action 08-0011-WS-C, 2009 WL 971297, at *1 (S.D. Ala. Apr. 8, 2009). However, such a review is not necessary when "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, although it does not appear that Plaintiffs' attorneys' fees were negotiated separately from the amount of settlement proceeds Plaintiffs will receive, the Plaintiffs will recover an amount close to what their complete recovery would have been had they prevailed in this action.[1] The settlement agreement appears reasonable on its face, and the Court does not believe Plaintiff's attorneys' fees were agreed to at the expense of Plaintiffs' claims. As a result, the Court does not need to analyze the reasonableness of Plaintiffs' attorneys' fees agreed to in the parties' settlement agreement.

---

[1] The parties represent that Plaintiff Walters's complete recovery would have been $6,710.18 and Plaintiff Douglas's complete recovery would have been $8,654.80. By way of settlement, Walters will receive $5707 and Douglas will receive $7414.

## CONCLUSION

For the above-stated reasons, the parties' joint to approve settlement [Doc. No. 11] is hereby **GRANTED**. Accordingly, the parties' mutual settlement agreement and general release [Doc. No. 11-2] is hereby **APPROVED** and incorporated herein. This Court shall retain jurisdiction over this matter until the term set forth in paragraph 9 of the settlement agreement has been satisfied. In accordance with paragraph 9 of the settlement agreement, the parties are **DIRECTED** to file a stipulation of dismissal with prejudice within **three (3) business days** of Plaintiffs' receipt of the payment.

IT IS SO ORDERED, this 17th day of September, 2013.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE